**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**


Christopher M. Palermo


    v.                                             Civil No. 08-cv-127-JL


Superintendent, Merrimack County
Department of Corrections


**O R D E R**


Pro se petitioner Christopher M. Palermo has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (document no. 1).  Because he challenges his pre-trial detention and does not attack the validity of a conviction or sentence, I construe the petition to be filed pursuant to 28 U.S.C. § 2241. See Yellowbear v. Wyoming Attorney General, No. 06-8064, 2006 WL 748367 at *2 (10th Cir. March 21, 2008) (citations omitted) (holding that Section 2241 is a vehicle for challenging pre-trial detention or attacking the execution of a sentence, whereas Section 2254 is the proper avenue for attacking the validity of a conviction or sentence); accord Jackson v. Coalter, 337 F.3d 74, 79 (1st Cir. 2003); Dickerson v. Louisiana, 816 F.2d 220, 224 (5th Cir. 1987).

The petition is before me for preliminary review.  See
United States District Court for the District of New Hampshire
Local Rule ("LR") 4.3(d)(2) (authorizing the magistrate judge to
preliminarily review pro se pleadings).  For the reasons stated
below, I find that the petition does not at this time make a
facially sufficient showing that Palermo is entitled to relief.
I therefore order him to amend the petition to demonstrate
exhaustion of state remedies before I will direct that the
petition be answered.

**Background**

Palermo alleges that he is currently incarcerated as a pre-
trial detainee at the Merrimack County Department of Corrections
("MCDOC").  He has filed the instant federal petition without
clearly identifying the basis of his pre-trial detention and
without providing this Court with copies of pleadings, orders or
other relevant documents regarding his state court proceedings
and confinement.  The following facts are derived from his one-
page petition.  On August 30, 2007, Palermo allegedly was
arrested and charged with three counts of "false report of
explosives each being a class B felony."  The record is silent as
to the circumstances surrounding his arrest.

He now brings the instant petition in which he broadly

alleges the following three grounds for federal habeas corpus

relief:

> 1.   violation of the Eighth Amendment right to be free
> from cruel and unusual punishment on the basis that the
> trial court imposed excessive bail;
>
> 2.   denial of the Sixth Amendment right to a speedy
> trial on the basis that Palermo was arrested on August
> 30, 2007 and has not been brought to trial as of this
> date; and
>
> 3.   denial of the Sixth Amendment right to confront
> witnesses on the basis that the delay in trial
> prevented Palermo from conducting interviews of certain
> witnesses.

Palermo has not alleged that he is in custody pursuant to a state

court judgment and conviction, and the record is silent as to

whether he has been convicted or sentenced since the filing of

the instant federal habeas petition.

### Standard of Review

In reviewing a pro se petition, this Court must construe the

pleadings liberally, see Ayala Serrano v. Gonzalez, 909 F.2d 8,

15 (1st Cir. 1990) (following Estelle v. Gamble, 429 U.S. 97, 106

(1976)), treating all well-pleaded factual allegations as true

and drawing all reasonable inferences in the litigant's favor,

see Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996) (explaining

that all "well-pleaded factual averments," not bald assertions,
must be accepted as true).  This review ensures that pro se
pleadings are given fair and meaningful consideration.  See
Eveland v. Director of CIA, 843 F.2d 46, 49 (1st Cir. 1988).

**Discussion**

I.   Custody and Exhaustion

Section 2241 extends habeas relief to a prisoner who "is in
custody in violation of the Constitution or laws or treaties of
the United States."  28 U.S.C. § 2241(c)(3); see also Stringer v.
Williams, 161 F.3d 259, 262 (5th Cir. 1998).  "Although § 2241
does not include a *statutory* exhaustion requirement comparable to
that found at § 2254(b), federal courts have consistently
recognized that the principles of comity and federalism require
state pre-trial detainees to present their constitutional claims
in state court before seeking federal habeas corpus relief under
§ 2241."  See Politano v. Miller, No. 08-238 (PJS/FLN), 2008 WL
906300, slip op. at *3 (D. Minn. March 31, 2008)(citing
Dickerson, 816 F.2d at 225 ("Despite the absence of an exhaustion
requirement in the statutory language of section 2241(c)(3), a
body of case law has developed holding that although section 2241
establishes jurisdiction in the federal courts to consider pre-

trial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner.")).

Accordingly, to be eligible for habeas relief, Palermo must show that he is in custody, see 28 U.S.C. § 2241(c)(3), and that he has exhausted all state court remedies, see Stringer, 161 F.3d at 262, Dickerson, 816 F.2d at 225.  See also Duncan v. Henry, 513 U.S. 364, 365 (1995)(explaining the exhaustion requirement). He satisfies the first requirement as he is currently confined at the MCDOC[1] and thus is in custody.  However, Palermo fails to satisfy the second requirement because the petition does not demonstrate that he has fully exhausted his state remedies with regard to the claims in his petition.

A petitioner's remedies in New Hampshire are exhausted when the State's highest court has had an opportunity to rule on the petitioner's federal constitutional claims.  See Lanigan v. Maloney, 853 F.2d 40, 42 (1st Cir. 1988), cert. denied, 488 U.S.

---

[1]In amending his petition, Palermo should clarify his dates of confinement at the MCDOC and the Coos County Department of Corrections.

1007 (1989) ("habeas corpus petitioner must have presented the
substance of his federal constitutional claim to the state
appellate courts so that the state had the first chance to
correct the claimed constitutional error"); see also Baldwin v.
Reese, 541 U.S. 27, 29 (2004) (citing Duncan, 513 U.S. at 365-66
(requiring petitioner to "fairly present" his claim in the
appropriate state courts, including a state supreme court with
powers of discretionary review, thereby alerting that court to
the federal nature of the claim)).  "[T]he exhaustion principle
holds, in general, that a federal court will not entertain an
application for habeas relief unless the petitioner first has
fully exhausted his state remedies in respect to each and every
claim contained within the application."  Adelson v. DiPaola, 131
F.3d 259, 261 (1st Cir. 1997).

    In the instant petition, Palermo raises three grounds for
federal habeas corpus relief.  There is no indication that he
presented the claims and the federal nature of the claims to the
New Hampshire superior court or to the New Hampshire Supreme
Court for review.  Accordingly, I will afford him an opportunity
to amend his petition to demonstrate exhaustion.

    To demonstrate exhaustion, Palermo must provide this Court

with copies of any motions, petitions, notices of appeal, briefs

and any other orders and/or final judgments pertaining to his

state court proceedings.  See Smith v. Digmon, 434 U.S. 332, 333

(1978) (discussing documents which would enable a federal court

to determine whether the grounds supporting the habeas petition

had been presented for review in the state courts).  To the

extent his claims are unexhausted, he may need to return to the

state courts to fully present his unexhausted claims and the

federal nature of the claims before he can make the required

amendment to his federal petition.

II.  Stay

    The Supreme Court has held that a district court should stay

a habeas corpus petition if the petitioner has good cause for his

failure to exhaust, his unexhausted claims are potentially

meritorious, and there is no indication that he engaged in

intentionally dilatory litigation tactics.  See  Rhines v. Weber,

544 U.S. 269, 278-79 (2005) (permitting a federal district court

to stay a federal habeas action and hold the petition in abeyance

while the petitioner exhausts claims in state court).  See also

Duncan v. Walker, 533 U.S. 167, 182-83 (2001) (Stevens, J.,

concurring) (district court may retain jurisdiction over a

meritorious claim and stay further proceedings pending the complete exhaustion of state remedies).  Staying unexhausted claims may be the only appropriate course in cases in which an outright dismissal threatens to imperil the timeliness of a collateral attack.  Neverson v. Bissonnette, 261 F.3d 120, 126 n.3 (1st Cir. 2001); see also Delaney v. Matesanz, 264 F.3d 7, 15 n.5 (1st Cir. 2001) (recommending staying exhausted claims where "there is a realistic danger that a second petition, filed after exhaustion has occurred, will be untimely").  For the foregoing reasons, and because it is unclear whether Palermo was convicted and sentenced after he filed the instant federal habeas petition, I will order the proceedings stayed and the petition held in abeyance pending his complete exhaustion of state remedies.

### Conclusion

For the reasons stated above, I will allow Palermo an opportunity to amend his petition to demonstrate exhaustion of state remedies.  The Clerk's Office is directed to provide the him with a copy of the Court's pro se manual to assist him in preparing an amended petition.

Should Palermo decide to proceed in state court, he must commence the state court proceedings within thirty (30) days of

the date of this order.  I will order the proceedings stayed and

the petition held in abeyance pending his complete exhaustion of

state remedies.  The stay will be issued under the following two

conditions:

> 1.  Palermo is ordered to contact this Court every
> 90 days, beginning from the date of entry of this
> order, and inform the court of the status and
> pendency of his state court proceedings, if any,
> and the disposition of any appeal or related
> matter.
>
> 2.  Within 30 days following any ruling and/or
> notification by the New Hampshire Supreme Court on
> the claims at issue, and the exhaustion of such
> claims, Palermo must notify this Court of the
> ruling and submit all briefs or other pleadings
> filed in the state court proceedings; he must also
> file a request with this Court, stating that his
> state court matter has been disposed of and that
> he wishes to terminate the stay and have this
> Court further consider his petition.

Failure to comply with either condition may result in

dismissal of the petition without prejudice.

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge


Date: May 15, 2008
cc:   Christopher M. Palermo, pro se